UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOUGLAS T. MICHALEK,

                              Plaintiff,

v.                                         Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC. and
CAPITAL ONE BANK (USA), N.A.,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Douglas T. Michalek is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant NCO Financial Systems, Inc, (hereinafter "NCO") is a domestic registered limited liability partnership organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant Capital One Bank (USA), N.A. (hereinafter "Capital One") is a nationally chartered banking institution with headquarters in the State of Virginia.

7. Upon information and belief, Capital One is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8. Defendants, and each of them, regularly attempts to collect debts alleged to be due another.

1

9. The acts of the NCO alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority granted to them by Capital One.

10. All references to either defendant herein shall mean said Defendant or an employee of said Defendant.

### IV. FACTUAL ALLEGATIONS

11. That Plaintiff allegedly incurred a credit card debt to Capital One. This debt will be referred to as "the subject debt."

12. That the subject debt allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. That Plaintiff thereafter defaulted on the subject debt.

14. That upon information and belief, after Plaintiff's default on the subject debt, Defendant NCO was employed by Capital One to collect the subject debt.

15. That on or about February 15, 2008, an employee of Defendant's who identified themselves as "Lynn Williams" called Plaintiff's mother's home telephone. Defendant asked Patricia A. Michalek, Plaintiff's mother, to speak with Plaintiff. Plaintiff's mother stated Plaintiff did not reside with her. Defendant asked if a message could be given to Plaintiff. Defendant stated they were calling in regards to a "personal business matter" and provided a return telephone number.

16. That upon receipt of the aforementioned message from his mother, Plaintiff contacted Defendant. Plaintiff confronted Defendant and asked them why they had called his mother regarding the subject debt. Defendant then falsely stated that they had called his mother in attempt to reach Carrie Michalek, the Plaintiff's wife.

17. That in all communications with Plaintiff, NCO used their name, and not the name of Capital One.

18. That as a result of the acts of the Defendants, and each of them, Plaintiff Douglas T. Michalek became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION AGAINST DEFENDANT NCO

19. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

- A. Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692c(b), 15 U.S.C. §1692e(11) by failing to limit their conversation with Plaintiff's mother to obtaining location information for Plaintiff, and by failing to disclose in their communication made to Plaintiff through Plaintiff's mother that they a debt collector and/or that they were attempting to collect a debt.

- B. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(10) by falsely stating to Plaintiff that they had called his mother in an attempt to contact his wife.

21. That as a result of the NCO's FDCPA violations as alleged herein, Plaintiff Douglas T. Michalek became nervous, upset, anxious and suffered from emotional distress.

### VI. CAUSE OF ACTION AGAINST DEFENDANT CAPITAL ONE

22. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. That in the alternative, if NCO or Capital One claim that the subject debt was never in default, then Capital One is a "debt collector" as defined by 15 U.S.C. §1692a(6) because it used a name other than its' own in such a manner as would lead "the least sophisticated consumer", as that term is defined by law, to believe that a third person was collecting, or was attempting to collect the subject debt.

24. That by reason of the foregoing, Capital One is vicariously and is otherwise liable for the FDCPA violations of NCO described in paragraphs 20, 20A, and 20B of this complaint.

25. That as a result of the Capital One's FDCPA violations as alleged herein, Plaintiff Douglas T. Michalek became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants, and each of them, for:

- (a) Actual damages;

- (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

- (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

- (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff Douglas T. Michalek demands trial by jury in this action.

Dated: January 19, 2009

/s/Kenneth R. Hiller, Esq.
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Plaintiff Douglas T. Michalek affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: January 19, 2009                              /s/Douglas T. Michalek__
                                                     Douglas T. Michalek